IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAO GROUP, INC.,

        **Plaintiff,**

v.

MARTIN GROF, d/b/a RAY OF SMILE,
a/k/a LOVELY SMILE, and
ENJOY LIFE S.R.O.,
        **Defendants.**

Case No.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff CAO Group, Inc. ("Plaintiff" or "CAO") hereby brings the present action against Defendants Martin Grof, an individual doing business as "Ray of Smile" and also known as "Lovely Smile" ("Grof"), and Enjoy Life s.r.o., the Amazon.com seller of record through which Grof transacted ("Enjoy Life") (collectively, "Defendants"), for patent infringement damages, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) because, on information and belief, neither Defendant is resident in the United States (Grof is a resident of the Slovak Republic, and Enjoy Life is a company organized and existing under the laws of the Slovak Republic) and, under 28 U.S.C. § 1391(c)(3), a defendant not resident in the United States may be sued in any judicial district. Venue is further proper under 28 U.S.C. § 1391(b)(2) because a

1

substantial part of the events giving rise to Plaintiff's claims occurred in this District. Defendants committed acts of infringement in this District by importing, offering for sale, and selling the Accused Products that were offered for sale and sold through the Amazon.com online marketplace to consumers located in this District during the term of the Patent-in-Suit.

3. This Court may properly exercise personal jurisdiction over each Defendant because each Defendant structured its business activities so as to target consumers in the United States, including Illinois. Specifically, during the term of the Patent-in-Suit, Defendants targeted sales to Illinois residents by importing, distributing, advertising, offering for sale, and selling the accused products, which were offered for sale and sold through the Amazon.com online marketplace to consumers throughout the United States, including Illinois, accepting payment in U.S. dollars, and placing into the stream of commerce products that infringed Plaintiff's patented inventions, as described below (collectively, the "Accused Products"), with the expectation that they would be purchased by residents of Illinois. Each Defendant committed tortious acts in Illinois, engaged in interstate and international commerce directed at the United States, and wrongfully caused Plaintiff substantial injury in the State of Illinois.

## INTRODUCTION

4. Plaintiff brings this action to recover damages for Defendants' past infringement of Plaintiff's patented inventions. During the term of the Patent-in-Suit, Defendants infringed Plaintiff's patented inventions by importing, distributing, offering for sale, and selling accused products in the United States. Defendants offered for sale and sold teeth whitening strip products that incorporated the patented inventions claimed in the '444 Patent, and these products were sold to United States consumers through the Amazon.com online marketplace, including in this District, without authorization from Plaintiff and in violation of Plaintiff's exclusive patent rights. Plaintiff

2

seeks to recover monetary damages for the period during which Defendants infringed the Patent-in-Suit.

**THE PARTIES**

5.     Plaintiff, CAO Group, Inc., is a Utah corporation with its principal place of business at 4628 West Skyhawk Drive, West Jordan, Utah 84084, and was the owner of the Patent-in-Suit during its term.

6.     On information and belief, Defendant Martin Grof is an individual and a resident of the Slovak Republic, residing at Nejedleho 13, Bratislava, Slovakia 84102, who, doing business under the seller names "Ray of Smile" and "Lovely Smile," offered for sale and sold teeth whitening products to consumers in the United States through the Amazon.com online marketplace during the term of the Patent-in-Suit. On information and belief, Grof transacted that business through the Amazon.com storefront operated under the seller account bearing Amazon Seller ID ACUY82F36ZJM1, as further described below. The Accused Products are identified on Amazon.com by Amazon Standard Identification Number (ASIN) B01B1X3I1W and B0CQM7627D, and are offered under the "Ray of Smile" and "Lovely Smile" names.

7.     On information and belief, Defendant Enjoy Life s.r.o. is a company organized and existing under the laws of the Slovak Republic, with a business address at Karola Adlera 3, Bratislava, Slovakia 84102 SK. On information and belief, Enjoy Life is the registered seller of record identified on the Amazon.com online marketplace for the storefront (Amazon Seller ID ACUY82F36ZJM1) through which the Accused Products were offered for sale and sold during the term of the Patent-in-Suit.

8.     On information and belief, Grof owns, controls, or is otherwise affiliated with Enjoy Life s.r.o., whether directly or indirectly, and Grof used Enjoy Life s.r.o. as the seller of

3

record and conduit through which Grof offered for sale and sold the Accused Products in the United States, including in this District. On information and belief, Grof directed and controlled the offering for sale and sale of the Accused Products through the Amazon.com storefront for which Enjoy Life s.r.o. is the listed seller of record, such that the offers for sale and sales made through that storefront are attributable to Grof.

9. On information and belief, Grof has offered for sale and sold the Accused Products under multiple storefront and brand names, including "Ray of Smile" and "Lovely Smile," and through the seller account registered to Enjoy Life s.r.o. The precise nature, structure, and extent of the ownership, control, and affiliation between Grof and Enjoy Life s.r.o., and the full set of storefront and brand names through which Grof has offered for sale and sold the Accused Products, are presently within the exclusive knowledge of Grof and Enjoy Life s.r.o., and Plaintiff alleges these facts on information and belief. Plaintiff expects that discovery will reveal and confirm the ownership, control, and affiliation between Grof and Enjoy Life s.r.o.

**PLAINTIFF'S ASSERTED PATENTS**

10. Plaintiff was the owner of all right, title, and interest in U.S. Patent No. 11,826,444 B2 ("the '444 Patent" or the "Patent-in-Suit") during its term. A true and correct copy of the '444 Patent is attached hereto as **Exhibit 1**.

11. The '444 Patent is titled "Peroxide Gel Compositions" and was duly and legally issued by the United States Patent and Trademark Office on November 28, 2023. The '444 Patent has since expired. The '444 Patent claimed priority to an earlier application filed February 8, 2006, and is directed to dental whitening devices utilizing novel peroxide gel compositions.

4

12.     The '444 Patent generally describes dental whitening devices, such as a flexible backing material bearing a dental composition containing various agents, that will not crack or break when the device is flexed. ('444 Patent, Abstract.)

13.     By virtue of the USPTO's issuance of the '444 Patent, each claim of the '444 Patent was inventive, novel, non-obvious, and innovative over at least the disclosures in the prosecution history, and the '444 Patent was valid and enforceable during its term.

14.     Claim 1 of the '444 Patent recites: "A dental whitening device, comprising: a strip of backing material, wherein the strip of backing material is flexible and planar such that the strip of backing material has two flat sides; a gelatinous, non-coalescent, visco-elastic dental composition conjoined to at least a portion of one of the flat sides of the strip of backing material, the dental composition being comprised of a tooth whitening agent, a solvent, and a thickening agent selected from the set of thickening agents consisting of polyethyloxazoline and polyvinylpyrrolidone (PVP); wherein when adhered to a user's dental arch both the dental composition and the backing material flex and conform to the user's dental arch without cracking or breaking." A claim chart applying Claim 1 of the '444 Patent to the Accused Products is attached as **Exhibit 2**.

15.     In 2010, CAO launched its Sheer White!® Teeth Whitening Strips product for dental patients' in-home use. CAO advertised that, while wearing this product, due to the patented non-slip formula, the user "can talk, drink [cool beverages], work out, and get on with their day."

**DEFENDANT'S PAST INFRINGEMENT**

16.     During the term of the Patent-in-Suit, Defendants infringed the '444 Patent by importing, offering for sale, and selling teeth whitening strip products that incorporated the patented inventions. On information and belief, Defendants offered for sale and sold the Accused

5

Products through the Amazon.com storefront registered to Enjoy Life (Amazon Seller ID ACUY82F36ZJM1), operated under the "Ray of Smile" and "Lovely Smile" names.

17. During the period of infringement, Plaintiff identified Defendants' infringing teeth whitening strip product being offered for sale and sold through the Amazon.com online marketplace, including to consumers in this District. The accused product, identified by ASIN B01B1X3I1W and B0CQM7627D, is marketed as "Bright White Teeth Whitening Strips" and offered under the "Ray of Smile" and "Lovely Smile" names (the "Accused Product" or "Accused Products"). True and correct copies of screenshots of the Amazon.com listing showing the Accused Products and their ingredient listings are attached as **Exhibit 3**.

18. During the period of infringement, the Accused Products were offered for sale and sold throughout the United States through the Amazon.com online marketplace, including to consumers in this District. The products were priced and sold in U.S. dollars and were readily available for purchase and shipment to consumers throughout the United States, including Illinois residents.

19. The packaging of the Accused Products is branded "Bright White," identifies the products as "Teeth Whitening Strips" with "No Slip Technology," and stated that the products were "Made in PRC," indicating that during the period of infringement, the Accused Products were manufactured outside the United States and imported into the United States for sale to consumers.

20. The ingredient list disclosed on the Accused Products' Amazon.com listing and packaging discloses the composition of Defendants' infringing dental composition. As set forth in detail in **Exhibit 3**, the Accused Products contained the following ingredients, listed in descending order of concentration, that directly infringed the '444 Patent during its term: "PVP, Glycerin, Hydroxypropyl Methylcellulose, Aqua, Alcohol, Hydrogen Peroxide, Menthol."

21.     Plaintiff never licensed or authorized either Defendant to use the '444 Patent, and neither Defendant was an authorized retailer of Plaintiff's Products.

22.     During the term of the Patent-in-Suit, Defendants knowingly and willfully imported, distributed, offered for sale, and/or sold the Accused Products into the United States, including Illinois. Defendants, without any authorization or license from Plaintiff, knowingly and willfully infringed the '444 Patent in connection with the importation, distribution, offering for sale, and sale of the Accused Products into the United States and Illinois through the Amazon.com online marketplace.

23.     On information and belief, during the period of infringement, Defendants offered to sell and knowingly sold the Accused Products with knowledge of the '444 Patent or with such disregard of an objectively high likelihood that their actions constituted infringement of a valid patent that the failure to investigate cannot be characterized as innocent.

24.     Defendants' infringement was further willful and egregious. On information and belief, Defendants, foreign online sellers, offered for sale and sold the Accused Products to United States consumers through the Amazon.com online marketplace under multiple storefront and brand names, including "Ray of Smile" and "Lovely Smile," and through the Amazon.com seller account registered to Enjoy Life, while taking no adequate steps to ascertain or respect the patent and other intellectual property rights of others. On information and belief, Defendants undertook this conduct with awareness of, and in willful disregard for, the patent and other intellectual property rights of others. Defendants' conduct confirms that their infringement of the '444 Patent was knowing, deliberate, and willful, and renders this an exceptional case under 35 U.S.C. § 285.

25.     Defendants' unauthorized use of the inventions claimed in the '444 Patent in connection with the importation, distribution, offering for sale, and sale of the Accused Products

during the term of the Patent-in-Suit caused Plaintiff loss of market share, erosion of Plaintiff's patent rights, and other monetary damages for which Plaintiff seeks compensation.

**COUNT I**
**PATENT INFRINGEMENT DAMAGES (35 U.S.C. § 271) – U.S. PATENT NO. 11,826,444**

26. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

27. Plaintiff was the owner of all right, title, and interest in the '444 Patent during its term, including the right to sue for and recover damages for infringement.

28. During the term of the '444 Patent, Defendants, without any authorization or license from Plaintiff, knowingly and willfully used, offered for sale, sold, and/or imported into the United States for subsequent resale or use the Accused Products, which infringed directly and/or indirectly one or more claims of the '444 Patent, including at least Claim 1.

29. As shown in the claim chart attached as **Exhibit 2**, the Accused Products, including without limitation the "Bright White Teeth Whitening Strips" identified by ASIN B01B1X3I1W and B0CQM7627D, infringed at least Claim 1 of the '444 Patent during its term. The claim chart of **Exhibit 2** is illustrative only and is made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds. Although the claim chart focuses on Claim 1, Plaintiff alleges that Defendants infringed additional claims of the '444 Patent during its term.

30. Specifically, during the term of the '444 Patent, each of the Accused Products was a dental whitening device comprising a strip of backing material that is flexible and planar and has two flat sides, and a gelatinous, non-coalescent, visco-elastic dental composition conjoined to at least a portion of one of the flat sides of the strip, the dental composition being comprised of (i) a tooth whitening agent, (ii) a solvent, and (iii) a thickening agent selected from the set of thickening

8

agents consisting of polyethyloxazoline and polyvinylpyrrolidone (PVP); and wherein, when adhered to a user's dental arch, both the dental composition and the backing material flex and conform to the user's dental arch without cracking or breaking.

31. As disclosed on the packaging of the Accused Products, each product contained "Hydrogen Peroxide" as the active tooth whitening agent. Hydrogen Peroxide therefore satisfied the "tooth whitening agent" limitation of Claim 1 of the '444 Patent.

32. As disclosed on the packaging of the Accused Products, each product contained "Aqua" (water), and additionally "Alcohol," each of which is a solvent, satisfying the "solvent" limitation of Claim 1.

33. As disclosed on the packaging of the Accused Products, each product contained "PVP" (polyvinylpyrrolidone), which is one of the two thickening agents in the set recited in Claim 1 of the '444 Patent, namely the set of thickening agents "consisting of polyethyloxazoline and polyvinylpyrrolidone (PVP)."

34. On information and belief, and based on inspection of an actual sample, the dental composition in each Accused Product was conjoined to at least a portion of one of the flat sides of the strip of backing material and was gelatinous, non-coalescent, and visco-elastic, as required by Claim 1.

35. On information and belief, and based on inspection of an actual sample and the Accused Products' application instructions, when an Accused Product is adhered to a user's dental arch, both the dental composition and the backing material flex and conform to the user's dental arch without cracking or breaking, as required by Claim 1.

36. During the period of infringement, Defendants profited by their infringement of the '444 Patent, and Plaintiff suffered actual harm as a result of Defendants' infringement.

37. As a direct and proximate result of Defendants' past infringement of the '444 Patent, Plaintiff suffered monetary and other damages for which it seeks compensation. Defendants' infringement of the '444 Patent during its term caused Plaintiff harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions, as well as lost sales and loss of repeat sales stemming from the infringing acts.

38. Defendants' infringement during the term of the '444 Patent was willful. On information and belief, Defendants knew or should have known that their actions constituted infringement of a valid patent, and their failure to cease the infringing activities after receiving explicit notice establishes willful infringement. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284, and this is an exceptional case under 35 U.S.C. § 285.

39. Plaintiff is entitled to recover damages adequate to compensate for the past infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. That judgment be entered against Defendants finding that they infringed the '444 Patent during its term;

B. That judgment be entered against Defendants finding that their infringement of the '444 Patent was willful;

C. That Plaintiff be awarded damages for such past infringement in an amount to be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interest and costs;

D.      That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants'

willful infringement of the '444 Patent;

E.      A finding that this case is exceptional under 35 U.S.C. § 285;

F.      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

G.      Any and all other relief that this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED: June 1, 2026                                  Respectfully submitted,


/s/ Nicholas S. Lee
Nicholas S. Lee (#6284603)
nslee@nslegal-ip.com
332 S. Michigan Ave, Suite 900
Chicago, IL 60604
Tel: (224) 360-3293

*Counsel for Plaintiff, CAO Group Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 1, 2026.

/s/ Nicholas S. Lee
Nicholas S. Lee

12